NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
CASSADY A. ADAMS, CO Bar #48807
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-000380-AN |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ALBERT WAYNE JOHNSON,** | |
| Defendant. | |

## Introduction

The defendant, Albert Wayne Johnson, is before the Court for sentencing following the entry of a guilty plea to count two of the indictment, transportation of a minor with intent to engage in sexual activity, in violation of 18 U.S.C. § 2423(a). In this case, Johnson—a 40-year-old man and convicted sex offender—met up with two fifteen-year-old girls in Washington, had sex with them at a hotel, took them to Oregon, had sex with one of them again, and ultimately

abandoned them at a campground.  This crime was serious, and a sentence of 151 months' imprisonment, followed by ten years of supervised release, is appropriate.

## Factual Background

### A. The Offense Conduct

In this case, on August 8, 2022, Clackamas County Sheriff deputies responded to a report of two juvenile girls (MV1 and MV2) possibly being abandoned at a park in Boring, Oregon. PSR ¶ 4. The deputies learned that the two girls (both age 15) had rented a campsite with an adult (presumed guardian) named Albert Johnson. *Id.*

When MV1 and MV2 were initially contacted by deputies at the campground, the victims provided the officers with fictitious names and dates of birth, and they made up a story about how they came to be in Oregon. PSR ¶¶ 17-18. Ultimately, the deputies learned that the victims were runaways from the state of Washington, and that they had been reported missing on August 2, 2022. PSR ¶ 18. While the deputies were attempting to identify the girls, MV2 said, "We should just tell them." PSR ¶ 19. MV2 informed the deputies that she and MV1 had sex with the defendant, Johnson, and that Johnson had subsequently driven them to the park in Boring. *Id.*

MV1 and MV2 both recounted the events of the past several days. While there was some disagreement between their recollections of events, for the most part their statements and timelines aligned. PSR ¶ 20.

MV2 told investigators that she and MV1 were in Tacoma, Washington, on August 5, 2022, and the victims came into contact with Johnson via Snapchat. PSR ¶ 21. Johnson picked them up and took them to a hotel in Othello, Washington, where he had sex with both girls. *Id.* A

security camera photograph of Johnson with the two victims in the parking lot of the hotel in Othello is shown below for the Court's reference:



MV2 said that Johnson then drove them to a campground in La Grande, Oregon, where he had sex with MV1 two to three more times. PSR ¶ 22. Then Johnson drove the girls to the campground in Boring, Oregon, where he left them, saying that he would be back after a welding job. *Id.* However, Johnson did not return, and he blocked them on Snapchat, which was their only means of communicating with him. *Id.*

MV1 was interviewed and provided a generally consistent timeline as MV2 regarding when they ran away, their locations, how they got to the park in Boring, and having sex with Johnson. PSR ¶ 23. MV1 said that she told Johnson they were both 15 years old. PSR ¶ 24.

**Government's Sentencing Memorandum**                                                                 **Page 3**

Both victims were transported to the hospital to have sexual assault nurse examinations. PSR ¶ 26. The DNA results from the examinations corroborated the victims' statements that they both had sex with Johnson. PSR ¶¶ 28-29.

On August 30, 2022, Johnson was arrested at his home in La Grande, Oregon. PSR ¶ 27. Investigators later found additional evidence of Johnson's crime, including evidence of his travel and stops with the victims from Washington to Oregon in his car and a debit card matching the card used to rent the hotel room in Othello. PSR ¶ 27.

On November 2, 2022, a federal grand jury returned a three-count indictment charging Johnson with interstate travel with intent to engage in a sexual act with a minor, 18 U.S.C. § 2423(b); transportation of a minor with intent to engage in sexual activity, 18 U.S.C. § 2423(a); and commission of a sex offense by a registered sex offender, 18 U.S.C. § 2260A.

**B. The Plea Agreement & Guideline Computations**

On January 24, 2024, Johnson pleaded guilty to count two of the indictment in this case. ECF 31. He has accepted responsibility in a timely manner. (From very early in the case, Johnson indicated a willingness to accept responsibility.) The presentence report has calculated Johnson's offense level as follows (abbreviated), with a resulting total offense level of 36:

| USSG § 2G1.3(a)(3) | Base Offense Level | 28 |
|---|---|---|
| USSG § 2G1.3(b)(3) | Offense Involved the Use of a Computer | +2 |
| USSG § 2G1.3(b)(4) | Offense Involved the Commission of a Sexual Act | +2 |
| USSG §§ 2G1.3(d)(1) and 3D1.4 | Combined Offense Level to Account for Two Victims (2 units) | +2 |
| USSG § 4B1.5(b)(1) | Enhancement for Pattern of Sexual Conduct[1] | +5 |
| USSG § 3E1.1 | Acceptance of Responsibility / Timely Plea | -3 |

---

[1] This guideline enhancement is disputed. *See* Def. PSR Objection Letter at p. 3-4.; PSR ¶ 6.

**Government's Sentencing Memorandum**                                                              **Page 4**

| Total Offense Level (Prior to § 3553(a) Variances) | | 36 |
|---|---|---|

*See* PSR ¶¶ 36-52.

Johnson's criminal history category is II. PSR ¶ 62. This results in a guideline range of 210-262 months custody (prior to any 3553(a) variances). PSR ¶ 108. Pursuant to the plea agreement, paragraph 12, the government recommends a four-level downward variance under 18 U.S.C. § 3553(a) to reach the guideline range that incorporates the recommended terms of this plea agreement. ECF 32 at ¶¶ 11-12.

Pursuant to the plea agreement, the government recommends a sentence of 151 months custody, followed by ten years of supervised release. PSR ¶ 8. The defendant may argue for a sentence as low as 135 months custody, followed by five years of supervised release. *Id.*

## Argument

**A. The pattern enhancement (USSG § 4B1.5) applies in this case.**

In this case, the government believes that the pattern enhancement, USSG § 4B1.5(b)(1), applies to cover the multiple sexual events with victims in this case over a two to three-day period. This enhancement applies when "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." USSG § 4B1.5 commentary note 4(B)(i).

The commentary to USSG § 4B1.5(b)(1) further states that "[a]n occasion of prohibited sexual conduct may be considered for the purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion."

In *United States v. Telles*, 18 F.4th 290, 303 (9th Cir. 2021), the Ninth Circuit held that the pattern enhancement under USSG § 4B1.5(b)(1) applied in a case where a defendant sexually abused a minor on the first night he arrived in the United Kingdom, and also on the second night of his trip. The Ninth Circuit also noted that it "ha[d] yet to set forth a definition of 'separate occasions'" with regard to this particular sentencing guideline; however, "the record . . . clearly reflects that [the defendant] sexually abused [the victim] on two separate occasions" when the abuse occurred on two back-to-back nights on the same trip. *Id.*

The case *Wooden v. United States*, 595 U.S. 360 (2022) is not dispositive of this issue either. *Wooden* dealt with the definition of "occasion" within the meaning of the Armed Career Criminal Act, not the pattern enhancement for sexual misconduct. Additionally, the *Wooden* defendant's conduct occurred when Wooden unlawfully entered a one-building storage facility and stole items from ten units on one evening. 595 U.S. at 363. Unlike this case, it did not occur in different states, with different human victims, and on different days.

Johnson's conduct in this case occurred on different nights, in different states, and with two different underage girls. His conduct is analogous to the defendant in the *Telles* case, where the pattern enhancement was properly applied.

### B. 18 U.S.C. 3553(a) Sentencing Factors

There are general factors that district courts must take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) "any pertinent policy statement" issued by the Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

Many of the § 3553(a) factors warrant the sentence requested by the government in this case, including the nature and circumstances of the offense, and the need for the sentence imposed to serve the purposes of our criminal laws. Those purposes include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . afford adequate deterrence . . . protect the public . . . ." and to provide needed education, training, treatment, and care to the defendant. 18 U.S.C. § 3553(a)(2).

### C. Analysis of Sentencing Factors

The sentence of 151 months custody, followed by ten years of supervised release, is appropriate, considering the facts and circumstances of this case, and the history and characteristics of Johnson.

Johnson was a sex offender, on state supervision at the time of the crime. He came into contact with one of the teenage victims on Snapchat and drove to meet up with her. He picked up the two victims, had sex with them at a hotel in Othello, took them to Oregon (crossing through

the Umatilla Indian Reservation), had sex with one of them again, and then left them at a campground in Boring, Oregon, hundreds of miles from their homes and their guardians.

Johnson's victims were runaways from Washington DHS, and they were vulnerable to exploitation due to their young age (fifteen).

Johnson's criminal history also weighs in favor of a 151-month prison sentence. He was convicted of burglary I (felony) in 2001, theft I (felony) and two counts of theft II in 2001, and harassment in 2016. PSR ¶¶ 56-58.

Most importantly, Johnson was convicted of luring a minor and attempt to commit sexual abuse in 2018. PSR ¶ 59. In that case, the juvenile victim (JV) was reported by her mother as a runaway. *Id.* JV's mother showed police social media message exchanges between JV and two older males. *Id.* Investigators learned that Johnson (age 35 at the time) had promoted an agreement to exchange nude photos of JV for marijuana and cigarettes, and that JV was between 14-15 years old at the time. *Id.* Johnson also sent photos of his penis to JV and attempted to arrange sex. *Id.* When JV was interviewed, she said that she had been friends with Johnson for more than a year, and that Johnson knew how old she was. *Id.*

Johnson's conduct in the previous case (with JV) is eerily similar to his conduct in this case with MV1 and MV2, who were also runaways and similar ages, and who Johnson came into contact with through social media.

In the prior case, Johnson also violated his conditions of release by failing to report, changing his address without approval, failing to complete sex offender treatment, and failing to complete substance abuse treatment. PSR ¶ 59. Those conditions of supervision were put in place as guardrails to safeguard the community, and Johnson violated them.

The government's requested sentence also promotes respect for the law, provides just punishment, and affords adequate deterrence. Crimes involving children are especially serious, and Johnson's crime was committed while he was serving a sentence for a crime involving another child.

The public will be protected while Johnson is in custody. While he is in prison, he will not be able to have sex with underage girls. When Johnson is released from prison, he will need to be monitored closely by the U.S. Probation Department. A full ten years of supervised release is appropriate, given his conduct in this case, and in light of the previous sex offense. Johnson will also need to complete sex offender treatment and register as a sex offender.

## Conclusion

Based on the foregoing, the government recommends the Court impose a sentence of 151 months' custody, followed by ten years of supervised release.

Dated: May 8, 2024

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/*Cassady A. Adams*
CASSADY A. ADAMS, CO Bar #48807
Assistant United States Attorney